IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LORENZO ARMENTERO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LEA ANN CHRONES, et al.,<br><br>　　　　Defendants. | 1:06-cv-01093-GSA-PC<br><br>ORDER DISMISSING CASE FOR FAILURE TO OBEY A COURT ORDER<br>(Doc. 15.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 18, 2006. (Doc. 1.) On September 11, 2006, plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (Doc. 4.)

　　　　On September 24, 2008, the undersigned issued an order giving plaintiff two options, to file an amended complaint or to notify the court of his willingness to proceed with the claims found cognizable by the court, within thirty (30) days. (Doc. 15.) The thirty (30) day period has now expired, and plaintiff has not filed an amended complaint or otherwise responded to the court's order.

　　　　In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

　　　　"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has

1  been pending for more than two years.  Plaintiff's failure to respond to the Court's order may reflect
2  plaintiff's disinterest in prosecuting his case.  In such an instance, the Court cannot continue to expend
3  its scarce resources assisting a litigant who will not help himself by either submitting an amended
4  pleading making the clarifications required by the Court or by notifying the court of his willingness to
5  proceed on the claims found cognizable by the Court.  Thus, both the first and second factors weigh in
6  favor of dismissal.

7  Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of
8  itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the risk
9  that witnesses' memories will fade and evidence will become stale," id., and it is Armentero's failure to
10 set forth clear claims in the first instance and to respond to the Court's order in the second instance that
11 is causing delay.  Therefore, the third factor weighs in favor of dismissal.

12 As for the availability of lesser sanctions, at this stage in the proceedings there is little available
13 to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further
14 unnecessary expenditure of its scarce resources.  Armentero is proceeding in forma pauperis in this
15 action, making monetary sanctions of little use, and given the early stage of these proceedings, the
16 preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal in this case
17 is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal
18 with prejudice.

19 Finally, because public policy favors disposition on the merits, this factor will always weigh
20 against dismissal. Id. at 643.

21 Accordingly, IT IS HEREBY ORDERED that:

22 1.  This action is DISMISSED without prejudice, based on plaintiff's failure to obey the
23     court's order of September 24, 2008; and
24 2.  The Clerk is DIRECTED to close this case.

26 IT IS SO ORDERED.

27 Dated:   **November 21, 2008**              **/s/ Gary S. Austin**

2

UNITED STATES MAGISTRATE JUDGE